# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| VICKI FERGUSON<br>AND DON FERGUSON | PLAINTIFFS |
| V. | NO. 3:01CV153 |
| LEHMAN-ROBERT COMPANY | DEFENDANT |

## ORDER

This cause comes before the court addressing various pre-trial motions filed by the parties. The court, having considered the memoranda and submissions of the parties, is now prepared to rule.

This is a rather straight-forward tort action arising out of an automobile accident which occurred in Oxford on February 24, 2000. On this date, plaintiff Vicki Ferguson was driving northbound on Highway 7 in Oxford when she approached a Dodge Ram truck being driven by Andrew A. Ratts. At the time of the accident, Ratts was driving his truck up the on-ramp which merges from University Avenue onto Highway 7. Plaintiffs contend that there was an unduly large and dangerous elevation change between the surface of Highway 7, which was then being resurfaced, and the University Avenue on-ramp, which had not yet been resurfaced. Plaintiffs submit that, as Ferguson approached the on-ramp, "the front left tire of [Ratt's] Dodge truck gripped the un-tapered and dangerous edge causing the Dodge truck to accelerate and shoot into the left lane, where Mrs. Ferguson was lawfully traveling." Plaintiffs further contend that Ferguson was forced to swerve left in order to avoid a collision and that she lost control of her vehicle, which overturned, resulting in injuries to Ferguson.

Plaintiffs and defendant have each filed pre-trial motions which seek to either grant

partial summary judgment or to preclude the introduction of various proof at trial. In the court's view, however, none of these motions are due to be granted at this juncture. Plaintiffs first seek partial summary judgment, arguing that certain admissions requests and/or the doctrine of negligence per se dictate a verdict in their favor. In the view of this court, however, this case presents quintessential fact issues as to which a grant of summary judgment to either party would be inappropriate. In this case, each party has submitted evidence supporting their case, and the eventual verdict in this case will depend upon which party's evidence and arguments the jury finds more credible. There exists no valid argument for the grant of summary judgment at this juncture, and plaintiffs' motion is therefore due to be denied.

Likewise without merit is plaintiffs' motion *in limine* seeking to preclude defendant from arguing that Ferguson and/or Ratts were driving their vehicles at an excessive rate of speed or in an unsafe manner. In support of this motion, plaintiffs argue that there is no evidence in the record that either individual was driving their vehicle in an unsafe manner. In response, defendants do not affirmatively indicate whether they plan to argue that either driver was, in fact, speeding or otherwise negligent in this case. At the same time, defendants argue, and the court agrees, that the issue of whether there was negligence on the part of Ferguson and/or Ratts is an issue that is best resolved by the jury after considering the evidence which is presented at trial. The court sees no benefit to be gained by pre-judging this issue, even assuming that plaintiffs are correct regarding the evidence in this regard.

In this same vein, the court concludes that defendant's *Daubert* motion to exclude the expert testimony of plaintiffs' expert witness Derek Barrentine should be denied. Barrentine, a civil engineer, stated in his expert report that, based upon the contract specifications for the

2

resurfacing project in this case, the "pavement edge should have an elevation difference of not more than 2 & 1/4 inches" and that "if the pavement edge is more than 1 & ½ inches and less or equal to 2 & 1/4 inches, uneven pavement signs will be required as shown in the plans or contract documents." Barrentine further opined in his report that the pavement edge between the on-ramp and highway 7 should have been "tapered to allow for the safe movement of traffic."

In seeking to exclude Barrentine as an expert witness under *Daubert*, defendant's primary argument is that this witness had insufficient factual basis and/or used improper methodologies in concluding that the pavement edge in this case was dangerously steep. For example, defendant argues that the only basis which Barrentine had for evaluating the pavement edge in this case is a photograph showing the plaintiffs' vehicle after the accident (with the pavement edge in the background) and that this photograph does not serve to establish the facts in this regard. In the court's view, it may (or may not) develop at trial that plaintiff has insufficient evidence to demonstrate that the pavement edge at issue herein was unduly steep. Regardless, the court does not view the present case as a proper one for exclusion of this expert wtitness under *Daubert*.

In the view of this court, the issue of whether the photograph relied upon by Barrentine in this case sufficiently demonstrates an unduly steep pavement edge is, to a large extent, one which jurors can understand as a matter of common experience. Moreover, to the extent that Barrentine's opinions in this regard involve true expert testimony, there exists far less danger that a juror would grant undue deference to this testimony than if this witness were to testify regarding a highly complex scientific matter. Indeed, the specific objections raised by defendant to Barrentine's opinions appear to involve rather uncomplicated matters which can be readily

3

enquired upon on cross-examination. To the extent that these objections are valid, defendant may well find that the cross-examination of Barrentine assists its case, rather than plaintiffs' case. At any rate, the crucial issue in determining whether to admit an expert witness is whether that witness will assist the trier of fact in reaching an informed conclusion regarding the merits of the case. The court concludes that Barrentine's testimony will so assist the trier of fact, and defendant's *Daubert* motion to exclude this witness is therefore due to be denied.[1]

The court now turns to the lengthy motion *in limine* filed by defendant. This motion contains a laundry list of requests to exclude various forms of evidence, and these requests constitute, in large part, redundant recitations of rules of evidence and/or civil procedure. For example, defendant seeks to exclude evidence of liability insurance pursuant to F.R.E. 411 and offers to compromise pursuant to FRE 408, even though defendant provides no indication that plaintiffs intend to violate these rules of evidence at trial. In the court's view, if the admission of a particular form of evidence is already prohibited by a rule of evidence and/or procedure, it is not necessary for a party to file a motion *in limine* seeking to exclude such evidence, barring some affirmative indication that plaintiffs plan to introduce it at trial. It is not this court's duty to redundantly re-affirm principles of law prior to trial which are already adequately set forth in the rules of evidence and/or civil procedure.

The court trusts that plaintiffs are familiar with the rules of evidence and civil procedure and will follow the provisions thereof at trial. Rather than deal with the laundry list of motions

---

[1]The court does note, however, that Barrentine appears to have much greater expertise in the field of road construction standards than in the field of accident reconstruction. Accordingly, the court reserves the right to limit Barrentine's expert testimony as it relates to accident reconstruction issues.

4

*in limine* propounded by defendant at this time, the court suggests that the parties confer regarding the issues raised by defendant in its motion.  To the extent that actual disagreement exists between the parties regarding these issues, the court will consider these issues at a later date, either in a revised motion *in limine* or in response to objections at trial.  For the time being, however, the motion *in limine* will be denied.

In light of the foregoing, it is ordered that plaintiffs' motion [52-1] for partial summary judgment is denied, plaintiffs' motion *in limine* [51-1] is denied, defendant's motion [50-1] to exclude the testimony of expert witness Derek Barrentine is denied, and defendant's [70-1] motion *in limine* is denied.

**SO ORDERED**, this the 5th day of August, 2005.

                                            **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**